Citation Nr: 1826274 
Decision Date: 04/12/18 Archive Date: 05/07/18

DOCKET NO. 15-08 915 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for residuals of a facial fracture.

2. Entitlement to service connection for residuals of a traumatic brain injury (TBI).

3. Entitlement to service connection for hypertension.

4. Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1966 to April 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from July 2011 and March 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO).

In January 2018, the Veteran testified at a Board hearing held via videoconference. A transcript (Tr.) of that hearing is of record.

In March 2013, the Veteran reported private treatment for a heart disability, which he believes is secondary to his hypertension. See 03/22/2013, VA 21-4142 Authorization for Release of Information. As discussed below, the Veteran has indicated that he sought treatment for hypertension and left-side numbness shortly after service, in July 1969. In light of these pieces of evidence, the Board finds that the issue of service connection for a heart disability has been raised by the record. As this issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ), the Board does not have jurisdiction over it. Accordingly, this issue is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issues of service connection for residuals of a traumatic brain injury, PTSD, and hypertension are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.

FINDING OF FACT

The weight of the competent evidence supports a finding that the Veteran experienced a facial fracture in service.


CONCLUSION OF LAW

The criteria for service connection for residuals of a facial fracture have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection will be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Where a disease is first diagnosed after discharge, service connection will be granted when all of the evidence, including that pertinent to service, establishes it was incurred in active service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d).

Service connection requires evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and 
(3) a causal relationship between the present disability and the condition incurred or aggravated by service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

When there is an approximate balance of positive and negative evidence regarding any material issue, or the evidence is in relative equipoise, all reasonable doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 

The Veteran asserts that he was assaulted during service in Hanau, Germany. 
See e.g., 12/23/2010, VA 21-4138 Statement In Support of Claim. His competent lay statements in that regard state that the incident occurred on January 1st, 1968, around 1:00 a.m. See id.; 09/15/2015, Form 9. The Veteran further asserts that he suffered head and face injuries as a result of the assault, and that he sought treatment at the base clinic, where he was X-rayed and told that he had a fractured, but that nothing could be done about it. See id.; 01/09/2018, Hearing Tr., at 4.

Service treatment records are silent for treatment of a head and face injury. In view of this, the Veteran has vehemently asserted that his service treatment records are incomplete. See handwritten note, in 12/11/2013, Medical Treatment Record - Government Facility, at 1. Notwithstanding, service treatment records do show that, in April 1968, the Veteran reported that his eyes stung since he got hit on the head. See 09/19/1968, STR - Medical, at 20.

The Veteran underwent a CT scan of the face in September 2013. See 10/21/2013, Medical Treatment Record - Government Facility. The corresponding radiology report shows a finding of old, healed right-sided facial fracture deformities.

The Board finds that the Veteran's reports of an assault in service are credible. Although there is no documented treatment for the resulting injuries, a service treatment note from April 1968 shows complaints of burning eyes since being hit on the head. These complaints appear to be consistent with the September 2013 
CT scan, which found evidence of an old healed facial fracture.

In view of the above, and resolving any doubt in favor of the Veteran, the Board finds that service connection for residuals of a facial fracture is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for residuals of a facial fracture is granted.


REMAND

The Veteran also seeks service connection for residuals of a traumatic brain injury, PTSD, and hypertension.

As mentioned above, the Veteran has argued that his service treatment records are incomplete. There is no indication that the RO made an effort to locate any missing records. The Board finds that such an effort is warranted in the present case.

At his Board hearing, the Veteran stated that he started to receive VA treatment around 2002-2003. In this regard, the June 2011 rating decision indicates that VA treatment records from February 2001 to June 2011 were considered. These records, however, have not been associated with the claims file. More recent VA treatment records (referenced in the February 2015 and August 2015 statements of the case) are similarly missing from the claims file. 

The Veteran has stated that, since the in-service assault, he has experienced short-term memory loss, headaches, and blurred vision. In February 2011, the Veteran underwent a TBI examination. The examiner, a physiatrist, concluded that the Veteran had sustained a concussion, but that there was no objective evidence of a traumatic brain injury. As discussed above, the Board has found that the Veteran experienced a facial fracture as a result of an assault in service. In light of this, the Board finds that a new VA examination for TBI is warranted.

The Veteran has stated that he was diagnosed with PTSD in 2016. He has also stated that, after service, he had nightmares and started to drink. See 12/23/2010, VA 21-4138 Statement In Support of Claim. He believes that he turned to alcohol to forget the in-service assault. See 12/23/2010, Correspondence. The Veteran has indicated that he was hospitalized for one week in 1969, due in part to anxiety symptoms. See 12/12/2012, VA 21-4142 Authorization for Release of Information. 

VA is obliged to provide an examination or obtain a medical opinion in a claim of service connection when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for finding a link between current disability and service is low. McLendon, 20 Vet. App. at 83. The Veteran's reports of a continuity of symptomatology can satisfy the requirement for evidence that the claimed disability may be related to service. Id. at 83. Here, the evidence shows that the Veteran was assaulted in service, and he has reported symptoms that suggest that he might have developed a mental health disability as a result of that assault. As such, the Board finds that a VA mental health examination is warranted.

The Veteran believes that his diagnosed hypertension is related to service, to include as secondary to the in-service assault. In support of this contention, he has stated that he was treated for hypertension and left side numbness in July 1969. See 01/09/2018, Hearing Tr., at 5. As there is an indication that the Veteran was diagnosed with hypertension shortly after separation from service, the Board finds that VA should provide VA examination for the claimed hypertension.

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Take appropriate action to verify that all available service treatment records have been associated with the claims file, and to locate any missing records. All requests and responses for the records must be documented in the claims file. If any identified records cannot be obtained, notify the Veteran of the missing records, the efforts taken and any further efforts that will be made by VA to obtain such evidence, and allow him an opportunity to provide the missing records.

2. Obtain all available VA treatment records and associate them with the claims file. 

3. After completing #1 and #2, schedule the Veteran for a comprehensive VA examination with a clinician or clinicians (as needed) with appropriate expertise (i.e., physiatrist, psychiatrist, neurologist, or neurosurgeon) to determine the nature and etiology of his claimed TBI residuals. The virtual folder should be made available to the examiner for review in conjunction with the examination and reviewed to become familiar with the pertinent medical history. Any medically indicated special tests should be accomplished, and all special test and clinical findings should be clearly reported. 

The examiner is to provide opinions as to the following:

(a) Does the Veteran have residuals of a TBI? If so, identity the residuals.

(b) Are identified residuals of a TBI noted in (a) at least as likely as not (i.e., a likelihood of 50 percent or more) due to service?

A comprehensive rationale for all opinions expressed must be provided. The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions.

4. After completing #1 and #2, schedule the Veteran for a VA examination to determine the nature and etiology of any current mental health disability. The virtual folder should be made available to the examiner for review in conjunction with the examination and reviewed to become familiar with the pertinent mental health history. 


The examiner is respond to the following:

(a) Does the Veteran has a current mental health disability (or has had one at any point during the appeal period)? If so, please provide identify the diagnosis(es).

(b) For each current mental health disability identified in (a), is it at least as likely as not (i.e., a likelihood of 
50 percent or more) related to service? Please consider any reported stressors, to include the in-service assault on New Year's Eve. The Board finds that competent and credible lay shows that this assault occurred.

The VA examiner is to provide an opinion that shows adequate consideration of the relevant evidence and includes a comprehensive medical rationale for any conclusion reached. If the VA examiner cannot offer an opinion without resort to speculation, he or she should explain why and state what additional evidence, if any, would be required to offer an opinion.

5. After completing #1 and #2, schedule the Veteran for a VA examination to determine the etiology of his hypertension. The virtual folder should be made available to the examiner for review in conjunction with the examination and reviewed to become familiar with the pertinent vascular history. 

The examiner is to respond to the following:

(a) Is it at least as likely as not (i.e., a likelihood of 
50 percent or more) that the Veteran's hypertension was incurred in, or related to, service? Please address the Veteran's contention that his hypertension is related to the in-service assault on New Year's Eve. The Board finds that competent and credible lay shows that this assault occurred.

(b) If not, did the Veteran's hypertension manifest within a year after separation from service? The Veteran has stated that he was treated for hypertension and left side numbness in July 1969 (fifteen months after service). 

The VA examiner is to provide an opinion that shows adequate consideration of the relevant evidence and includes a comprehensive medical rationale for any conclusion reached. If the VA examiner cannot offer an opinion without resort to speculation, he or she should explain why and state what additional evidence, if any, would be required to offer an opinion.

6. If any benefit sought on appeal remains denied, issue a Supplemental Statement of the Case before returning the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs